UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ANGELOS WASHINGTON, | ) | |
| --- | --- | --- |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:24-cv-284 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| CENTURION MANAGED CARE, et al., | ) | Magistrate Judge Lee |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

This pro se prisoner's civil rights action under 42 U.S.C. § 1983 was transferred to this Court from the United States District Court for the Middle District of Tennessee [Docs. 95, 96]. Defendants Centurion of Tennessee, LLC, Katherine Campbell, Kendra Simonds, Rebecca Edington, and Rhiana Hamrick (hereinafter "Defendants") have filed motions to dismiss this action [Doc. 53] and to quash the returned summonses [Doc. 83]. Plaintiff has filed motions to amend his complaint [Docs. 57, 69], to compel [Doc. 74], for the appointment of counsel [Doc. 86], for a settlement conference [Doc. 87], and to dismiss Centurion Managed Care and add Centurion of Tennessee, LLC, as a Defendant [Doc. 94]. The parties have filed various responses and replies to the motions of the other [*See* Docs. 65, 67, 68, 70, 73, 75, 81, 82, 88, 89, 90, 93].

For the reasons set forth below, Defendants' motion to dismiss [Doc. 53] will be **DENIED**; Defendants' motion to quash the returned summonses [Doc. 83] will be **GRANTED**; Plaintiff's motion to amend [Doc. 57] will be **GRANTED**; Plaintiff's motions to compel [Doc. 74], appoint counsel [Doc. 86], and for a settlement conference [Doc. 87] will be **DENIED**; Plaintiff's remaining motions [Doc. 69, 94] will be **DENIED** as moot; and the Court will **REQUEST** waivers of service from Defendants.

I.  **PLAINTIFF'S MOTIONS TO AMEND**

Plaintiff's motions to amend seek to correct the spelling of Defendants' names and to correct the addresses for Defendants [Docs. 57, 69]. Plaintiff's first motion to correct the spelling of Defendants' names [Doc. 57] is **GRANTED**, and the Clerk is **DIRECTED** to update the docket to reflect the proper spelling of the following Defendants' names: "Centurion of Tennessee, LLC" (previously identified as "Centurion Managed Care"); "Kendra Simonds" (previously identified as "Dr. LeKendrea Simons"); and "Rhiana Hamrick" (previously identified as "Rhianna Farish"). In light of this ruling, Plaintiff's second motion to correct spelling [Doc. 69] is **DENIED** as moot, and Plaintiff's motion to dismiss "Centurion Managed Care" and add "Centurion of Tennessee, LLC" [Doc. 94] is likewise **DENIED** as moot.

II.  **MOTION TO DISMISS**

Defendants move to dismiss Plaintiff's complaint for insufficient process, insufficient service of process, lack of personal jurisdiction, improper venue, and for failure to state a claim upon which relief may be granted pursuant to Rules 12(b)(2)–(6) of the Federal Rules of Civil Procedure, and for failure to comply with the Tennessee Health Care Liability Act ("THCLA") [Doc. 53]. First, as to the failure to state a claim, the Court finds Plaintiff's medical-care allegations in his amended complaint [Doc. 33] state colorable Eighth Amendment and State law claims against all Defendants.[1] Second, the venue portion of this motion has been rendered moot, as this action has been transferred to this Court for consideration. As to Defendants' other arguments, they maintain that Plaintiff has failed to use proper names and addresses for service,

---

[1] Defendants maintain that Plaintiff's State-law claims should be dismissed for his failure to provide pre-suit notice and a certificate of good faith, in accordance with Tenn. Code Ann. § 29-26-121 and § 29-26-122 [Doc. 54 p. 15–16]. But State-law pleading procedures for health-care liability claims are not required for claims brought in federal court. *Albright v. Christensen*, 24 F.4th 1039 (6th Cir. 2022) (addressing Michigan's procedures); *Smith v. CoreCivic, Inc.*, 3:20-cv-563, 2022 WL 3051226, at *7 (M.D. Tenn. Aug. 2, 2022) (applying *Albright* to Tennessee's laws and concluding certificate of good faith not required in federal court).

2

which renders both the process and service itself insufficient, as well as depriving the Court of personal jurisdiction [*See, generally,* Doc. 54, referencing Fed. R. Civ. P. 12(b)(2), (4), and (5)].

Plaintiffs generally have the burden of effectuating service of process. Fed. R. Civ. P. 4(c)(1). With regard to service of process by litigants proceeding *in forma pauperis* however, the Sixth Circuit has stated:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). It is apparent that Plaintiff, a pro se prisoner proceeding *in forma pauperis*, took reasonable steps to identify all Defendants to the Court. Additionally, the Court finds it would not be just to fault Plaintiff because the method of service undertaken by the United States Marshals Service ("USMS") has proved ineffective to date or Plaintiff misspelled a Defendant's name. Accordingly, Defendants' motion to dismiss [Doc. 53] is **DENIED**.

Additionally, the Court finds good cause to extend Plaintiff's time to effectuate service on Defendants. *Byrd*, 94 F.3d at 220; Fed. R. Civ. P. 4(m); David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction*, 152 F.R.D. 249, 257 (1994) (noting that where a federal court finds good cause to extend the time period for service in a case where the court's jurisdiction is not based on diversity, that finding provides a "link back to the complaint's filing, and . . . the action should be preserved as timely").

Considering the Court's burden and the multiple, ineffective attempts at service in this case to date, the Court requests a waiver of service from Defendants under Rule 4(d) of the Federal

3

Rules of Civil Procedure.[2]  The Clerk is **DIRECTED** to forward counsel for Defendants a Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; copies of Waiver of the Service of Summons, AO form 399; copies of Plaintiff's Complaint [Doc. 33]; and this Order for each Defendant.

If, within thirty (30) days of entry of this Order, Defendants decline to execute a waiver, counsel must file, under seal, an address where the USMS may serve each Defendant personally. Should any Defendant require personal service instead of filing a waiver, the Clerk is **DIRECTED** to have the USMS personally serve that Defendant with a copy of the complaint and summons at the address provided.  The Clerk is **DIRECTED** to charge any Defendant with all costs associated with personal service if personal service is required.

### III. MOTION TO QUASH

Because the record before the Court does not reflect that the previously returned summonses were properly served, Defendants' motion to quash this service [Doc. 83] is **GRANTED**, and the Clerk is **DIRECTED** to **STRIKE** these returns from the record [Docs. 71, 77–80].

### IV. MOTIONS TO COMPEL AND FOR SETTLEMENT CONFERENCE

Plaintiff moves to compel various records [Doc. 74] and schedule a settlement conference [Doc. 87].  Neither motion has merit.  First, there is no evidence before the Court that Plaintiff has propounded discovery on Defendants or attempted to confer with Defendants' counsel prior to filing his motion as required by Rule 37(a) of the Federal Rules of Civil Procedure.  Second, Defendants have not yet waived service or been properly served, so Plaintiff's motion is premature.

---

[2] Federal Rule of Civil Procedure 4 requires Defendants to cooperate in saving unnecessary costs of serving the summons and complaint.

Moreover, there is no requirement the parties in pro se prisoner cases engage in settlement conferences or alternative dispute resolution. *See* E.D. Tenn. L.R. 16.3(b). Accordingly, Plaintiff's motions to compel and for a settlement conference [Docs. 74, 86] are **DENIED**.

## V. MOTION TO APPOINT COUNSEL

Plaintiff asks the Court to appoint him counsel; namely, Attorney Robin Ferrez, because he is indigent and is "unable to get a[n] attorney on [his] own" [Doc. 86].[3] Pursuant to 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (internal citations and citation omitted). In determining whether "exceptional circumstances" exist, the Court considers "the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v. Mich. Dep't of Corr.* 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606).

Plaintiff's claims do not appear legally or factually complex, and his filings to date suggest that he is capable of adequately representing himself. Accordingly, the Court finds that no exceptional circumstances exist that warrant the appointment of counsel, and Plaintiff's motion for the appointment of counsel [Doc. 86] is **DENIED**.

**SO ORDERED.**

> */s/ Charles E. Atchley, Jr.*
> **CHARLES E. ATCHLEY, JR.**
> **UNITED STATES DISTRICT JUDGE**

---

[3] Based on the contact information provided in the motion, it appears that Plaintiff requests Robin Flores, rather than Robin Ferrez, be appointed as his counsel.