# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ANGELOS WASHINGTON, | ) |
| *Plaintiff*, | ) Case No. 1:24-cv-284 |
| v. | ) Judge Atchley |
| CENTURION OF TENN., LLC, *et al.*, | ) Magistrate Judge Dumitru |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

On or about August 21, 2023, Plaintiff filed the operative amended complaint in this pro se prisoner case alleging deliberate indifference and health care liability stemming from medical care (or an alleged lack thereof) that he received at the Bledsoe County Correctional Complex ("BCCX") [Doc. 33]. Before the Court are Plaintiff's motions (1) to extend the discovery period [Doc. 179] and (2) to join parties/add defendants, consolidate, and have separate trials [Doc. 181], and Plaintiff's objection, which the Clerk filed as a motion, to Defendant's disclosure of Rule 26 testimony [Doc. 188]. Defendants have responded to Plaintiff's motions [*See* Docs. 183, 190, 191]. Also before the Court is Defendant Centurion of Tennessee, LLC's ("Centurion") motion to compel [Doc. 184], to which Plaintiff has responded [Doc. 189], and Centurion has replied [Doc. 192]. The Court considers Plaintiff's motions before turning to consideration of Defendant Centurion's motion.

I. **PLAINTIFF'S MOTIONS**

    A. **To Extend the Discovery Period**

Plaintiff first seeks to extend the time for discovery in this cause, stating that he was placed in segregation for a disciplinary infraction on June 24, 2025, and that when he received his property on July 11, 2025, all 1,419 pages of his medical records were missing [Doc. 179 at 1–2]. Therefore,

he maintains that he needs additional time to subpoena a copy of those records [*Id.* at 3]. Defendants do not oppose Plaintiff's request for additional time and likewise request an extension of the discovery period under Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule(s)") [Doc. 183].

Rule 16(b)(4) of the Rules permits "a schedule [to be] modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Sixth Circuit has recognized that "[a] court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *Helena Agri-Enters., LLC v. AAA Turf, Inc.*, No. 22-1957/1967, 2023 WL 4842838, at *2 (6th Cir. July 28, 2023) (quoting *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (alteration in original)). Furthermore, "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Id.* (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id.* (quotation omitted).

Both parties request an extension of the discovery deadline. Plaintiff maintains that he needs an extension to obtain another copy of his medical records, and Defendants maintain that they have not yet received a certification from the Tennessee Department of Correction that Plaintiff's medical records received in this case are a true and accurate copy [Doc. 183]. Based on these assertions, the Court finds good cause exists to grant an extension of the discovery deadline, and Plaintiff's motion [Doc. 179] is **GRANTED**. *See* Fed. R. Civ. P. 16(b)(4). The Parties shall have through **September 5, 2025**, to complete discovery in this cause.

### B. To Join Parties, Add Defendants, Consolidate, and Separate Trials

Plaintiff's next motion seeks to add several Defendants from the Morgan County Correctional Complex ("MCCX"), and new claims concerning Plaintiff's treatment at that facility, to his operative complaint [Doc. 181]. Defendants oppose the motion, maintaining that it fails to comply with Rules 15, 20, and 42 or this Court's Local Rules [Doc. 190 at 1]. The Court agrees with Defendants.

Rule 20(a)(2) allows a plaintiff to sue multiple defendants in a single action only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit a plaintiff to join unrelated claims against different defendants in one lawsuit. *See, e.g., White v. Newcomb*, No. 2:21-cv-249, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

Here, Plaintiff seeks to add claims of deliberate indifference, medical negligence, and intentional infliction of emotional distress against approximately one dozen additional medical providers at the MCCX, stemming Plaintiff's allegations that they denied him catheters, Depends, and wound treatment from May 9, 2025, through July 11, 2025 [Doc. 181 at 7, 16–17]. But the events in the amended complaint [Doc. 33] occurred over three years before the events alleged in

the instant motion, and Plaintiff proposes new claims against Defendants at an entirely different prison. These proposed new claims against the additional Defendants are not related to the present Defendants or the amended complaint serving as the operative pleading in this action [*Compare* Doc. 33, *with* Doc. 181]. Thus, joinder is not appropriate.

Additionally, Plaintiff's motion does not meet the requirements of Rule 15(a)(2) of the Rules, which requires courts to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), or Rule 15(d) of the Rules, which permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented[,]" Fed. R. Civ. P. 15(d). Whether to grant a motion to amend or supplement "is left to the sound discretion of the trial court." *Burse v. Robinson*, No. 2:14-cv-403, 2015 WL 2337781, *2 (S.D. Ohio May 13, 2015) (citations omitted). In exercising discretion under Rule 15, the Court considers "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (holding "same standard of review and rationale apply" to motions under Fed. R. Civ. P. 15(a) and 15(d)).

The proposed new claims and Defendants in Plaintiff's present motion are not related to the claims in the operative amended complaint [*Compare* Doc. 33, *with* Doc. 181]. And permitting Plaintiff to further amend his pleadings at this stage of the litigation—to introduce new facts, claims, and Defendants—would "result in significant prejudice to the defendants because of the need to [extend] discovery and to raise new defenses[.]" *Mut. Work Comp. Sols., LLC v. BaronHR,*

4

Case 1:24-cv-00284-CEA-MJD   Document 195   Filed 08/13/25   Page 4 of 8   PageID #: 677

*LLC*, No. 3:23-cv-223, 2025 WL 1560786, at *4 (E.D. Tenn. Jan. 8, 2025) (citation omitted). Therefore, Rule 15 counsels against granting Plaintiff's motion.

Neither is Plaintiff's motion appropriate under Rule 42, which provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Here, Plaintiff is seeking to have two separate cases combined in the same docket number but to have the Defendants tried on a separate date. Accordingly, Rule 42 cannot serve as a basis to grant the instant motion.

Finally, this Court's Local Rule 15.1 requires a party seeking to amend a pleading to file a complete proposed amended pleading that does not incorporate any prior pleading by reference. E.D. Tenn. LR 15.1. It provides that "[a] failure to comply with this rule may be grounds for denial of the motion." *Id.* Plaintiff has not complied with this Local Rule.

In sum, Plaintiff has not satisfied his burden to amend or supplement under Rule 15, he has not satisfied his burden for joinder or bifurcation under Rules 20 and 42, and he has failed to comply with Local Rule 15.1. Accordingly, Plaintiff's motion for joinder, to add parties, for consolidation, and for separate trials [Doc. 181] is **DENIED**.

C.  **Objection to Rule 26 Testimony Disclosure**

Plaintiff filed a document titled "[O]bjection to the defendants['] testimony of disclosure of Rule 26[] that was dated for July 11, 2025, under Federal Rules of [C]ivil Procedure 26(a)(1)(B)(4)" [Doc. 188]. The Clerk docketed the entry as a motion. In the document, Plaintiff maintains that Defendants' disclosure did not have any document number or date on it, and he maintains that he is exempt from initial disclosures because he is a pro se prisoner in custody of

the State [*Id.*]. But the filing is not properly considered a motion, as it does not seek any relief. *See* Fed. R. Civ. P. 7. Accordingly, the Clerk is **DIRECTED** to reclassify this document appropriately [Doc. 188] and terminate the motion.[1]

## II.     DEFENDANT CENTURION'S MOTION TO COMPEL

Defendant Centurion moves for an order compelling Plaintiff to fully respond to its First Set of Interrogatories and Requests for Production [Doc. 184]. Defendant Centurion states it served its First Set of Interrogatories and Requests for Production on Plaintiff via U.S. Mail on or about March 21, 2025 [Doc. 184 at ¶ 3]. On April 2, 2025, Plaintiff filed a document that, as relevant here, asserted that he did not understand the Interrogatories and Requests for Production propounded to him [Doc. 149 p. 7]. In response, Centurion maintains that it, through counsel, sent Plaintiff a letter dated April 4, 2025, in which counsel explained "we have rephrased the previously propounded Interrogatories and Requests for Production of Documents" Doc. 160 at 8]. The letter advised Plaintiff he had to respond to the propounded discovery and explained that the letter was sent in an effort to avoid a motion to compel [Doc. 160 at 8].

Thereafter, Plaintiff served responses to Defendant's First Set of Interrogatories and Requests for Production, but some were not compliant with Federal Rules of Civil Procedure, namely, the responses to Interrogatories No. 6, 8, 11, 15, and 16 [Doc. 184 at ¶ 6]. Defendant Centurion certifies that it has been in contact with Plaintiff in an attempt to get him to respond fully, but those attempts have been unsuccessful [Doc. 184 at ¶ 8, citing Doc. 160 at 6–9].

---

[1] The Court notes that Plaintiff's objection appears to be a misapprehension of the disclosure filed by Defendants [*See* Doc. 191-1].

In response to Defendants' motion to compel, Plaintiff maintains that, because he is incarcerated and does not have an attorney, he cannot further comply with Defendants' discovery requests [*See* Doc. 189].

Rule 26 provides the scope and limits for discovery in civil actions. *See* Fed. R. Civ. P. 26. Unless the scope of discovery is limited by court order, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Under Rule 33, interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." *See* Fed. R. Civ. P. 33(a)(2). Any objection to an interrogatory "must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(a)(4).

Rule 37 provides the procedures and remedies for a party's failure to comply with discovery. Rule 37(a)(3)(B)(iii) and (iv) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted- or fails to permit inspection- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv) (internal numerical notations omitted).

In support of its motion, Defendant Centurion has provided a recitation of the disputed Interrogatories propounded to Plaintiff and Plaintiff's responses thereto [Doc. 185 at 4–6]. These Interrogatories seek information relevant to proving or refuting Plaintiff's deliberate indifference and health care liability claims, and therefore, they seek information that is within the scope of discovery under Rule 26(b).

7

And having reviewed the discovery propounded to Plaintiff and his responses thereto, the Court finds Plaintiff has violated the rules of discovery by failing to provide complete responses to Centurion's Interrogatories. Accordingly, Centurion's motion [Doc. 184] is **GRANTED**. The Court **ORDERS** Plaintiff completely and meaningfully respond to Centurion's Interrogatories No. 6, 8, 11, 15, and 16 within **twenty-one (21) days** of entry of this Order.[2] Plaintiff is **ADVISED** that failure to comply with this Order will result in the dismissal of this action upon motion of Defendants. Fed. R. Civ. P. 37 (b)(2)(A)(v).

Finally, in his response to Defendant Centurion's motion, Plaintiff "request[s] the [C]ourt order [D]efendants to compel and answer question" [Doc. 189 at 6]. The Court assumes this is a request to compel discovery responses from Defendant Centurion. But Plaintiff has not complied with Rule 37(a)(1) in making this request, and Plaintiff is not entitled to the sought relief.[3]

**SO ORDERED.**

>/s/ Charles E. Atchley, Jr.
>**CHARLES E. ATCHLEY, JR.**
>**UNITED STATES DISTRICT JUDGE**

---

[2] Specifically, the Court notes that if Plaintiff does not anticipate calling an expert witness or witnesses who will testify on his behalf, he should simply state so in response to any Interrogatory seeking witness information. And if he intends to call witnesses on his own behalf, he should list them. Additionally, Plaintiff knows whether he graduated and the last school he attended, and he may at least partially comply with any Interrogatory relating to his educational history. The same is true with regard to Defendant's Interrogatory relating to damages—Plaintiff can identify whether his request for monetary damages is related to emotional damage, physical damage, loss of earning capacity, punitive damages, etc.

[3] The Court otherwise notes that Defendants maintain that Centurion served its responses on May 28, 2025, and the remaining Defendants served their responses (as supplemented) on May 23, 2025 [Doc. 192 at 4].