UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANGELOS WASHINGTON, | ) |
| *Plaintiff*, | ) Case No. 1:24-cv-284 |
| v. | ) Judge Atchley |
| CENTURION OF TENN., LLC, *et al.*, | ) Magistrate Judge Dumitru |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

This pro se prisoner lawsuit raises civil rights and state-law claims related to the medical care Plaintiff received at the Bledsoe County Correctional Complex ("BCCX") [Doc. 33]. Before the Court are Plaintiff's motions to compel discovery responses from Defendants [Doc. 193] and to hold the Records Department of the Tennessee Department of Correction ("TDOC") in contempt [Doc. 194]. Defendants have responded to Plaintiff's motions [Docs. 197, 198], and Plaintiff has replied to Defendants' response to his motion to compel [Doc. 201]. Also pending is Defendants' motion to dismiss this case for Plaintiff's failure to comply with the Court's discovery Order [Doc. 200], to which Plaintiff responded [Doc. 203] and Defendants replied [Doc. 204]. The Court first considers Plaintiff's motions before turning to consideration of Defendants' motion.

I.   **PLAINTIFF'S MOTIONS**

   A.   **Motion to Compel**

Plaintiff moves for an Order compelling Defendants "to fully comply" with his discovery requests, answer his interrogatories, and "provide the requested information" [Doc. 193]. Specifically, Plaintiff asserts that (1) Defendant Centurion of Tennessee, LLC, ("Centurion")

failed to answer Interrogatories no. 4, 5, 11, 12, 14, 15, 16, and failed to comply with his Requests for Production no. 1, 2, 3, 5, 6, 7; (2) Defendant Campbell failed to answer Interrogatories no. 1, 2, 4, 5, 6, 11, 12, 13, 14, 15, 16 and failed to comply with Requests for Production no. 1, 2, 3, 6, 7; (3) Defendant Simonds failed to answer Interrogatories no. 1, 3, 4 5, 11, 12, 13, 14, 15, 16 and comply with Requests for Production no. 1, 2, 3, 6, 7; (4) Defendant Edington failed to answer Interrogatories no. 1, 3, 4, 5, 11, 12, 13, 14, 15, 16 and comply with Requests for Production no. 1, 2, 3, 6, 7; and (5) Defendant Hamrick failed to answer Interrogatories no. 1, 3, 4, 5, 11, 12, 13, 14, 15, 16 and comply with Requests for Production no. 1, 2, 3, 5, 7 [*Id.* at 2–3]. Plaintiff has provided a recitation of the disputed discovery requests and Defendants' responses thereto [Doc. 193-1].

Rule 26 of the Federal Rules of Civil Procedure ("Rule(s)") provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). However, "district courts have discretion to limit the scope of discovery when the information sought is overbroad or unduly burdensome[,]" *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016), taking into consideration "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A "district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Pracs. Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014).

2

As a preliminary matter, the Court finds that Plaintiff's motion is procedurally defective. Motions to compel discovery require "a certification that the movant in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery[.]" Fed. R. Civ. P. 37(a)(1). And a party may not simply attach the certification saying so, as "[e]vidence of [an] attempt to confer in good faith must be reflected in [the] certification included in the motion." *Hilton–Rorar v. State & Fed. Commc'ns, Inc.*, No. 09–1004, 2010 WL 148127, at *1 (N.D. Ohio Jan. 7, 2010). The instant motion does not contain a good-faith certification that Plaintiff has conferred, or attempted to confer, with counsel for Defendants prior to seeking Court intervention. This is a sufficient basis on which to deny Plaintiff's motion.

However, Plaintiff has also failed to demonstrate how the discovery sought is relevant. "The party moving to compel 'bears the burden of demonstrating [the] relevance' of the requested discovery." *MD Auto Grp., LLC v. Nissan N. Am., Inc.*, No. 1:21-CV-1584-CEF, 2023 WL 3251218, at *2 (N.D. Ohio May 4, 2023) (quoting *White v. City of Cleveland*, 417 F. Supp. 3d 896, 902 (N.D. Ohio Oct. 25, 2019)). "If the moving party demonstrates that the requested material is relevant, the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id.* (internal citations omitted).

Plaintiff has attached to his motion a copy of the disputed Interrogatories and Requests for Production and Defendants' responses thereto [Doc. 193-1]. But Plaintiff's filings demonstrate that Defendants provided responses to all of Plaintiff's requests [*See id.*]. And Plaintiff does not address what is deficient about each response or explain how the information sought is relevant to his case; he just makes the conclusory assertion that Defendants "failed to answer" his discovery requests [Doc. 193 p. 1–3]. Moreover, where Defendants objected to a discovery request, they indicated the basis for their objection [*See* Doc. 193-1]. The Rules expressly contemplate that

3

objections may be raised as a response to an improper request. *See* Fed. R. Civ. P. 33(b)(4), (b)(2). Having reviewed both Plaintiff's Interrogatories and Requests for Production and Defendants' responses thereto, the Court finds that Defendants objected to a number of irrelevant, overly broad discovery requests, and it finds Defendants' responses proper under the Rules. Accordingly, the Court **DENIES** Plaintiff's motion to compel [Doc. 193].

B.     **Motion to Hold in Contempt**

Plaintiff also moves for an Order holding the TDOC Records Department in contempt under Rule 45(g) [Doc. 194]. Specifically, Plaintiff notes that the United States Marshal Service served TDOC a subpoena for Plaintiff's medical records on July 21, 2025, and that as of August 4, 2025, he still had not received copies of those records from TDOC [*Id.*]. Therefore, Plaintiff seeks an Order holding TDOC in contempt and awarding Plaintiff $1,500 in attorney fees [*Id.*].

A party requesting that a court hold another party in contempt of court "bears the burden of proving by clear and convincing evidence that the respondent 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Ranke v. Kerns*, No. 23-1938, 2024 WL 2123647, at *2 (6th Cir. May 7, 2024) (quoting *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006)). And a district court "construe[s] any ambiguity in favor of the party charged with contempt." *Id.* (quoting *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017)). Moreover, "courts must exercise the contempt sanction with caution and use '[t]he least possible power adequate to the end proposed.'" *Id.* (quoting *Gascho,* 875 F.3d at 799).

Plaintiff has filed a motion for summary judgment supported with hundreds of pages of TDOC records [*See* Doc. 202]. It is unclear whether Plaintiff filed his summary judgment motion using the TDOC medical records the Defendants previously provided him [*see, e.g.,* Doc. 180 p.

4

3], or if TDOC has now forwarded Plaintiff a copy of his records. Regardless, it is apparent that Plaintiff is in possession of his TDOC medical records, and a contempt order appears unwarranted.

Further, under Rule 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Even so,

> In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance not by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt.

Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment. This Court has not issued an Order requiring TDOC to comply with the subpoena, and Plaintiff has not requested one. Therefore, the Court finds that entry of an Order issuing contempt sanctions to be both premature and unwarranted.

And even if Plaintiff's motion were meritorious, a pro se plaintiff cannot recover attorney fees. *See Kay v. Ehrler*, 900 F.2d 967, 969-70 (6th Cir. 1990) (explaining that pro se plaintiffs cannot recover attorney fees under § 1988 for litigating civil rights actions). Accordingly, the Court **DENIES** Plaintiff's motion to hold TDOC in contempt [Doc. 194].

## II. DEFENDANTS' MOTION

Defendants move for entry of an Order dismissing this case for Plaintiff's failure to "completely and meaningfully" respond to Centurion's Interrogatory no. 16 regarding damages in this case as required by this Court's Order granting Centurion's motion to compel certain discovery responses [Doc. 200, referencing Doc. 199 p. 5]. Defendants note that after the Court granted Centurion's motion, Plaintiff filed his supplemental responses [*See* Doc. 199]. Plaintiff stated as follows with regard to Interrogatory no. 16:

> Defendant Centurion interrogatory [sic] No. 16 states: Please provide a computation of each item of damage you allege you have suffered as a result of the alleged actions of any and all of the Defendants, including without limitation Centurion of Tennessee, LLC, Rebecca Edington, Kendra Simonds, Katie Campbell, and/or Rhiana Hamrick, with specific itemization of each alleged computation of damage as to each Defendant.
>
> Response: I have suffered from dileberate [sic] indifferent [sic] from Centurion of Tennessee, LLC, medical malpractice, and negligence from Rebecca Edington, negligence, and emotional destress [sic] from Rhiana Hamrick, dileberate [sic] indifference and pain and suffering and medical malpractice and negligence and emotion destress [sic] from Kendra Simonds, and negligence from Katherine Campbell. I'm seeking 10,000 to 30,000 from Centurion, 10,000 to 30,000 from Rebecca Edington, 10,000 to 30,000 from Rhiana Hamrick, 10,000 to 30,000 from Rhiana Hamrick, 10,000 to 30,000 from Katherine Campbell.

[Doc. 199, p. 5]. Therefore, Defendants maintain, "Plaintiff has continued to fail to provide the category of damages in this case as to the Defendants, despite clear instruction from this Court, and thus causing these Defendants to expend additional resources to defend themselves in this case in order to determine the type of damages the Plaintiff seeks in this matter, which this Court has already recognized is discoverable" under the Rules [Doc. 200, referencing Doc. 195 p. 7].

Plaintiff responded to Defendants' motion to dismiss, stating he "honestly do[es]n't understand the question that they are trying to ask" and attempting to further explain his answer to Interrogatory No. 16 [Doc. 203]. He asks that, if this second supplemental response is still unsatisfactory, that Defendants' attorney "break [I]nterrogatory no. 16 down . . . and better explain what they're trying to ask" [*Id.* at 3]. In reply, Defendants note that Plaintiff's second supplemental response provides different monetary ranges than the prior response [*Compare* Doc. 203 p. 2 *with* Doc. 199 p. 5] and still fails to identify whether the monetary damages relate to "'emotional damage, physical damage, loss of earning capacity, punitive damages, etc.' as previously directed by this Court" [Doc. 204 p. 2, citing Doc. 195 p. 8 n.2].

6

Rule 37(b) authorizes courts to order sanctions, including dismissal, for failure to comply with a discovery order. *Kendrick v. Amazon.Com Servs., LLC*, No. 24-5232, 2024 WL 6466072, at *2 (6th Cir. Oct. 28, 2024) (citing Fed. R. Civ. P. 37(b)(2)(A)(v)). And Rule 41(b) permits dismissal on a defendant's motion "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." *Id.* (quoting Fed. R. Civ. P. 41(b)). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Applying these factors, the Court finds dismissal of this action too harsh a sanction for Plaintiff's failure to fully comply with the Court's Order. It is sympathetic to Defendants' argument that their counsel has "already spent significant time explaining what was sought by Interrogatory Number 16[,]" and that "the Court has already provided straightforward guidance as to how to respond to Interrogatory Number 16" [Doc. 204 p. 4]. But it is apparent Plaintiff is attempting to comply with the Court's Order by providing a range of damages, even if he altered the range and failed to categorize those damages [*See* Doc. 199 p. 5]. Accordingly, the Court **DENIES** Defendants' motion [Doc. 200]. However, the Court will extend the current discovery deadline to **October 10, 2025**, pursuant to the Rule 16(b)(4), to allow the Parties to attempt to resolve Plaintiff's response concerning damages in this case. This extension is not a general discovery extension and applies **only** to resolution of Plaintiff's response as to Interrogatory number 16.

7

In addition, Plaintiff is strongly **CAUTIONED** that filing additional, procedurally improper or unsupported motions could result in sanctions

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**
