UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ANGELOS WASHINGTON, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:24-cv-284 |
| v. | ) | Judge Atchley |
| CENTURION OF TENN., LLC, *et al.*, | ) | Magistrate Judge Dumitru |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Before the Court in this pro se prisoner's civil rights action are Plaintiff's (1) Motion for Summary Judgment [Doc. 202], (2) "Motion for Judg[]ment on the previous Motions for summary Judg[]ment, Motion to hold T.D.O.C. Records Department in contempt for not obeying my subpoena to produce documents (medical records), and Motion for appointed attorney" [Doc. 208], and (3) Motion to "correct and construe" a date in his amended complaint [Doc. 213]. Also before the Court are Defendants' motions for an extension of the deadline to file dispositive motions [Docs. 211, 212]. The Court considers each motion in the order it was filed.

I. **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. 202]**

In his amended complaint, Plaintiff alleged retaliation, deliberate indifference, and healthcare liability claims against Defendants [*See* Doc. 33]. He has now filed over 400 pages of records and an "Affidavit in Support" in support of his Motion for Summary Judgment, alleging "that the defendants did in fact perform[] medical malpractice, negligence, deliberate indifference, and Retaliation by with[o]lding treatment for [his] serious medial needs" [Doc. 202 at 2]. Defendants filed a response opposing the motion [Doc. 207], to which Plaintiff has replied [Doc. 210].

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Viewing the facts in the light most favorable to Defendants, the Court finds that genuine issues of material fact remain as to whether Defendants retaliated against Plaintiff and/or denied Plaintiff adequate medical care under constitutional and Tennessee law. First, Plaintiff has not cited the standard for deliberate indifference, healthcare liability, and/or retaliation, and he has not explained how the evidence he has submitted corresponds with each theory of liability against Defendants [Doc. 202].

Second, the present motion improperly includes allegations concerning events that occurred at Morgan County Correctional Complex, which is not related to any claims in this case [*See* Doc. 202-3 at 14–6, 42–47; 202-4 at 7–10]. In fact, Plaintiff acknowledges this fact and asks the Court to "disregard" the portion of his summary judgment motion concerning claims arising at the MCCX [Doc. 210 at 5–6].

Third, the Court notes that both healthcare liability and deliberate indifference claims typically require expert testimony. *See, e.g., Alexander v. Ahava Health Care LLC*, No. 1:23-cv-02034, 2025 WL 445255, at *1 (W.D. Tenn. Feb. 10, 2025) (noting three elements of healthcare liability claim "must be proven by the testimony of an expert"); *Phillips v. Tangilag*, 14 F.4th 524,

2

535 (6th Cir. 2021) (noting Eighth Amendment claim for "grossly inadequate medical care" typically requires expert testimony). It is undisputed that Plaintiff is not a medical provider and that he has not produced any competent expert testimony [Doc. 199 at 3; *see also* Doc. 189 at 3]. Therefore, he does not have any knowledge or expertise to support his Affidavit, because his conclusory characterizations are legal conclusions rather than factual assertions based on personal knowledge. *See West v. Farmakeio Superior Compound Pharmacy*, No. 3:24-cv-00279, 2025 WL 1891685, at *6 (M.D. Tenn. July 8, 2025) (finding plaintiff failed to carry burden at summary judgment where she had only filed various excerpt from medical records, submitted her own affidavit of the medical issues, and attached copies of articles/notices from various websites), *rep. and rec. adopted,* No. 3:24-cv-00279, 2025 WL 2104802 (M.D. Tenn. July 28, 2025).

And finally, Plaintiff's motion fails to comply with Rule 56(c)(1) of the Federal Rules of Civil Procedure, because it does not cite anything specific in the record. *See* Fed. R. Civ. P. 56(c)(1) (requiring party asserting that a fact cannot be disputed to support the assertion by "citing to particular parts of materials in the record"). Instead, Plaintiff attaches hundreds of pages of records and presents a narrative of his medical care. The Court cannot tell which portion of the attached exhibits Plaintiff is referencing in his narrative. And the Court declines to attempt to guess which documents correspond to which allegations. Therefore, Plaintiff has not established that he is entitled to judgment as a matter of law, and his Motion for Summary Judgment [Doc. 202] is **DENIED**.

## II. PLAINTIFF'S MOTION FOR JUDGMENT, CONTEMPT FINDING, AND ATTORNEY [Doc. 208]

In his next motion, Plaintiff first asks the Court to rule on his prior motion to hold the Tennessee Department of Correction ("TDOC") in contempt [Doc. 208 at 1–2]. But the Court has denied that motion [Doc. 206]. Therefore, this request is moot.

Second, Plaintiff requests the Court to rule on his September 12, 2025, Motion for Summary Judgment and argues that Defendants failed to timely respond to his motion [Doc. 208 at 2]. But the Court has now ruled on Plaintiff's motion. And, despite Plaintiff's argument to the contrary, Defendants timely filed their response to Plaintiff's summary judgment motion.[1] *See* Fed. R. Civ. P. 6(d).

Finally, Plaintiff asks the Court to rule on his motion to appoint counsel. But there are no outstanding motions to appoint counsel pending before the Court. Therefore, the instant motion is without merit, and it [Doc. 208] is **DENIED**.

## III. PLAINTIFF'S MOTION TO "CORRECT AND CONSTRUE" [Doc. 213]

Plaintiff requests that the Court change the date of "3-21-2022" in his amended complaint on "page 2, paragraph 1" "to the correct date of 3-4-2022" [Doc. 213]. The Court notes that this paragraph of Plaintiff's amended complaint contains Plaintiff's factual allegations regarding a doctor's visit with Dr. Simons on March 21, 2022, in which she allegedly (1) denied his request for a "special mattress" and (2) refused to order Plaintiff Gabapentin [Doc. 33 at 2]. Because Plaintiff only seeks to clarify that this doctor's appointment occurred on March 4, 2022, this motion [Doc. 213] is **GRANTED**.

## IV. DEFENDANTS' MOTIONS FOR TIME [Docs. 211, 212]

Defendants request that the dispositive motion deadline be reset from October 20, 2025, [Doc. 127] to November 5, 2025, citing Plaintiff's recent filings [Docs. 200, 202, 208], the voluminous medical records [Doc. 170], and the differing facts and grounds for liability asserted against each of the five (5) Defendants as impacting their ability to timely comply with the current

---

[1] The Court notes that Plaintiff signed his motion on October 2, 2025, before Defendants' time to respond expired on October 3, 2025 [Doc. 208 at 3].

4

deadline [*See* Doc. 211]. The Court notes that granting Defendants' motions would not adversely affect the remaining deadlines in this cause, and Defendants' arguments present good cause for the request. Accordingly, the Court **GRANTS** Defendants' first motion to extend the dispositive motion deadline [Doc. 211] and **DENIES** the second motion [Doc. 212] as moot. The dispositive motions deadline in this cause is extended through **November 5, 2025**. *See* Fed. R. Civ. P. 16(b)(4). The Court notes that this extension **only** applies to dispositive motions.[2] The non-dispositive motions deadline expired on October 20, 2025 [*See* Doc. 127].

        **SO ORDERED.**

                                       */s/ Charles E. Atchley, Jr.*
                                       **CHARLES E. ATCHLEY, JR.**
                                       **UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that each Defendant has now timely filed a motion for summary judgment "out of an abundance of caution" but still seeks the requested extension to file any necessary amended or supplemental summary judgment motions [*See* n.1 in Docs. 218, 222, 225, 228, 231].